Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment of the court below, ssendered in favor of the appellees, in an action brought by them against the appellant, upon the following writing:
“Lexington, 9th Jlugust, 1811.
“On a settlement this day, I acknowledge myself to be “indebted to the estate of John Hoomes, deceased, the sum “of five hundred and twenty dollars and fifty cents, money “atually received by me, &c.
“WM. T. BÁNTON.”
On the trial in that court, the appellee attempted to prove, by way of set-off, that Homes, in his life-time, was indebted to him for the keeping of a horse, and also the payment of a sum of money to the order of one of the appellants; but -the court being of opinion that the evidence was inadmissible, excluded it from the jury.
As the writing upon which the suit-was brought, implies an acknowledgment of a debt due Hoomes in his life-time, it was certainly competent for Banton, upon showing a mistake in the settlement, to avail himself by way of set-off, of any debt due him by the decedent in his life time.
The evidence, therefore, introduced by Banton, as *1 tended not only to shew a mistake in the settlement, but conduced also to prove the decedent to be indebted to him for keeping the horse, it should have been left with the ju, ry for their determination.
The claim of Banton for keeping the horse, to be availing as a set-off, should, no doubt, be of that description for which indebitatus assumpsit could be maintained, but as the evidence conduced in some measure to prove such a a debt, the court did wrong to exclude it from the jury.
_ With respect to the evidence in relation to the payment made to the order of one of the appellees, we are of opinion it was properly rejected.
That evidence could only shew a debt against one of appellees in bis individual .right, andas such was clearly iuadmissable as a set-off against a debt due the testator.
JIaggin f&r appellant, Wicklijje for appellee,
The judgment must, however, be reversed with cost, the cause remanded, and further proceedings had not inconsis^ tent with this opinion.